| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |
|---|---|

CIVIL MINUTES—GENERAL

**Case No.** EDCV 21-848-MWF (KKx)           **Date:** July 23, 2021
**Title:** Justino Montiel v. Hitachi America, Ltd, et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                            Court Reporter:
Rita Sanchez                            Not Reported

Attorneys Present for Plaintiff:         Attorneys Present for Defendant:
None Present                              None Present

**Proceedings (In Chambers):**    ORDER RE: MOTION TO REMAND CASE TO SAN BERNARDINO COUNTY SUPERIOR COURT [7]; MOTION TO INTERVENE [9]

Before the Court are two motions:

The first is Plaintiff Justino Montiel's Motion to Remand Case to San Bernardino County Superior Court (the "Motion to Remand"), filed on June 11, 2021. (Docket No. 7). Defendant Koki Holdings America Ltd. ("KHA") filed an opposition on June 28, 2021. (Docket No. 11). Plaintiff filed a reply on July 2, 2021. (Docket No. 14).

The second is Proposed Intervenor Redwood Fire and Casualty Insurance Company's ("Proposed Intervenor" or "Redwood") Motion to Intervene (the "Motion to Intervene"), filed on June 17, 2021. (Docket No. 9). No opposition to the Motion to Intervene was filed.

The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on July 19, 2021, pursuant to General Order 21-08 arising from the COVID-19 pandemic.

For the reasons discussed below, the Motion to Remand is **GRANTED**. Defendants have failed to satisfy the heavy burden of showing that Hitachi Defendants were fraudulently joined. The Motion to Intervene is thus **DENIED** *as moot*.

---

**CIVIL MINUTES—GENERAL**                               1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 21-848-MWF (KKx)                           Date:  July 23, 2021
Title:  Justino Montiel v. Hitachi America, Ltd, et al.

## I. BACKGROUND

On December 20, 2020, Plaintiff commenced this action against Defendants in San Bernardino County Superior Court.  (Notice of Removal ("NoR"), Ex. A ("Complaint") (Docket No. 1-1)).  The Complaint alleges that, on approximately January 7, 2019, Plaintiff was at work using a nail gun labeled with Hitachi Model # NR 83A (the "Nail Gun") when the Nail Gun misfired and lodged into his brain. (Complaint ¶¶ 14-15).  Based on these allegations, Plaintiff asserts the following claims against KHA and Hitachi Solutions America, Ltd., Hitachi High Tech Science America, Inc., and Hitachi America, Ltd. ("Hitachi Defendants"):  (1) strict products liability; (2) negligent failure to recall/retrofit relating; and (3) intentional failure to recall/retrofit.  (*See generally* Complaint).

Defendants filed the NoR on May 14, 2021, seeking to establish diversity jurisdiction and alleging that the Hitachi Defendants — the only California Defendants — were fraudulently joined in the action.  (NoR ¶¶ 8-23).  Specifically, KHA argues that the Hitachi Defendants were fraudulently joined because they do not "import, design, manufacture, market, sell, package, research, develop, produce, process, assembly, inspect, supply, distribute, deliver, broker, package, label, warn, maintain, modify, recall, retrofit, engineer, test, recommend, advertise or convey nailers of any kind, including the model and type Justino Montiel allegedly used in the underlying incident that is the subject of this matter."  (*Id.* ¶¶ 8-23) (citing Affidavit of Hozumi Kikukawa ("Kikukawa Aff.") (Docket. No. 1-4); Affidavit of David Halvorson ("Havorson Aff.") (Docket. No. 1-5); Affidavit of Gregory Rigby ("Rigby Aff.") (Docket. No. 1-6)).

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV 21-848-MWF (KKx)            **Date:** July 23, 2021

**Title:** Justino Montiel v. Hitachi America, Ltd, et al.

    An exception to the complete-diversity rule recognized by the Ninth Circuit "'is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (2009) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). Joinder is considered fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state[.]" *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chemical Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). A removing defendant must "prove that individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *accord Reynolds v. The Boeing Co.*, CV-2846-SVW-(ASx), 2015 WL 4573009, at *2 (C.D. Cal. July 28, 2015) ("To prove fraudulent joinder, the removing defendant must show that ***settled*** law ***obviously*** precludes the liability against the nondiverse defendant.") (emphasis added).

    Because a defendant faces a heavy burden in establishing that removal is appropriate, a court determining whether joinder is fraudulent "must resolve all material ambiguities in state law in plaintiff's favor." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) (citing *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998)). Given this standard, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

    At this stage, "factual allegations and evidence" are evaluated "in the light most favorable to the plaintiff," and disputes of fact must be resolved "in favor of the plaintiff." *Amarant v. Home Depot U.S.A., Inc.*, No. 1:13-cv-00245-LJO-SKO, 2013 WL 3146809, at *4 (E.D. Cal. June 18, 2013) (citing *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)).

### III. DISCUSSION

    The Complaint asserts strict liability, negligent failure to recall/retrofit, and intentional failure to recall/retrofit claims against the Hitachi Defendants premised on various theories of vicarious liability. (Complaint ¶ 12).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  EDCV 21-848-MWF (KKx)             **Date:**  July 23, 2021

**Title:**  Justino Montiel v. Hitachi America, Ltd, et al.

     The elements of a negligence claim for failure to recall/retrofit are:  (1) defendant manufactured/distributed/sold the product; (2) defendant knew or reasonably should have known that the product was dangerous when used in a reasonably foreseeable manner; (3) defendant became aware of this defect after the product was sold; (4) defendant failed to recall/retrofit; (5) that a reasonable manufacturer/distributor/seller under the same or similar circumstances would have recalled/retrofitted the product; (6) plaintiff was harmed; and (7) defendant's failure to recall/retrofit was a substantial factor in causing plaintiff's harm.  *Arnett v. Seaside Transportation Servs.*, LLC,  CV 13-01672-WHO, 2014 WL 117325, at *3 (N.D. Cal. Jan. 13, 2014).

     KHA argues that the Hitachi Defendants were fraudulently joined because they were not involved in the chain of distribution, and therefore, Plaintiff could not possibly recover against Hitachi Defendants.  (Opposition at 9) (citing *O'Neil v. Crane Co.*, 53 Cal. 4th 335, 348-49 (2012) (Under California product liability, "[r]egardless of a defendant's position in the chain of distribution, the basis for liability remains that he has marketed or distributed a defective product.").   In support of this argument, KHA produces three, two-page affidavits (the "Affidavits") from each Hitachi Defendant stating they are not liable.  Specifically, the Affidavits assert that:

- [Hitachi Defendants do not] import, design, manufacture, market, sell, package, research, develop, produce, process, assembly, inspect, supply, distribute, deliver, broker, package, label, warn, maintain, modify, recall, retrofit, engineer, test, recommend, advertise or convey nail guns of any kind, including the model and type Justino Montiel allegedly used in the underlying incident that is the subject of this matter.  Moreover, Hitachi High-Tech Science America, Inc. is not a predecessor in the commercial chain of distribution of the nail gun.

- [Hitachi Defendants did not] create or control the distribution of the subject nail gun in the continental United States, including in the State of California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** EDCV 21-848-MWF (KKx) | **Date:** July 23, 2021 |
| **Title:** Justino Montiel v. Hitachi America, Ltd, et al. | |

(Kikukawa Aff. ¶¶ 3-4; Havorson Aff. ¶¶ 3-4; Rigby Aff. ¶¶ 3-4). KHA also produced an Affidavit from Stephanie Thompson, Product Standards Manager of KHA, asserting that

> KHA was the distributor of Hitachi power tools in the United States. KHA was responsible for the distribution of Hitachi branded pneumatic nailers in the United States, such as the nailer identified in Plaintiff's Complaint. KHA purchased these tools from Koki Holdings Co. Ltd. ("KHD") in Japan in bulk purchase orders. KHA imported these tools to the United States.

(Affidavit of Stephanie Thompson ("Thompson Aff.") ¶ 10 (Docket No. 1-7)).

The Court agrees with KHA that this evidence casts serious doubt on whether Plaintiff can possibly state a failure to recall/retrofit claim against Hitachi Defendants. It appears that Hitachi Defendants are not in the chain of distribution, negating the first element of the claim.

Of course, the burden placed on KHA to show fraudulent joinder here is extremely high, and Plaintiff need only show the possibility of stating *any* claim against Hitachi Defendants. *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) ("If there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendant[,] the court must remand.") (citing *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998)); *see also Good*, 5 F. Supp. 2d at 807 ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant.").

At the hearing, Plaintiff argued that it is possible for Plaintiff to state a claim for "negligent undertaking" against Hitachi Defendants.

Under California law, a volunteer who, having no initial duty to do so, undertakes to provide protective services to another, will be found to have a duty to exercise due care in the performance of the undertaking if (1) the volunteer's failure to exercise such care increases the risk of harm to the other person, or if (2) the other

| | |
|---|---|
| **CIVIL MINUTES—GENERAL** | 5 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 21-848-MWF (KKx)                    Date:  July 23, 2021
Title:  Justino Montiel v. Hitachi America, Ltd, et al.

person reasonably relies upon the volunteer's undertaking and suffers injury as a result. *Mehr v. Fed'n Internationale de Football Ass'n*, 115 F. Supp. 3d 1035, 1065 (N.D. Cal. 2015) (citations omitted).

Plaintiff provides the following evidence suggesting that the Hitachi Defendants voluntarily undertook a duty to provide protective services to consumers of the Nail Gun:

- Hitachi Solutions America, Ltd.'s ("HSA") website states that HSA is involved in "full equipment management," "predictive maintenance," "warranty management," "equipment monitoring," and "workplace safety." (Declaration of Brian Beecher ("Beecher Decl.") ¶ 7 (Docket No. 8)).

- HSA's website states that its product "allows you to manage the entire lifecycle of complex construction and service jobs . . . from preconstruction through closing," and that it "offer[s] full operation support for general and specialty contractors.  (*Id.* ¶ 8).

This evidence suggests that Hitachi Defendants may have undertaken a duty to provide protective services.  The evidence falls short of stating a claim for "negligent undertaking," which requires Plaintiff to establish the remaining elements of negligence, *i.e.*, breach, proximate cause, and damages.  *Paz v. State of California*, 22 Cal. 4th 550, 559, 93 Cal. Rptr. 2d 703 (2000) ("Section 324A's negligent undertaking theory of liability subsumes the well-known elements of any negligence action, viz., duty, breach of duty, proximate cause, and damages.").  However, by producing evidence suggesting that Hitachi Defendants have undertaken a duty to provide protective services, the Court is satisfied that Plaintiff has at least established the ***non-fanciful possibility*** that Plaintiff could state a claim for "negligent undertaking" if granted leave to amend the Complaint.  *See Macey*, 220 F. Supp. 2d at 1117.

Accordingly, the Motion is **GRANTED**.  The action is **REMANDED** to the San Bernardino County Superior Court.

Accordingly, the Motion to Intervene is **DENIED** *as moot*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  EDCV 21-848-MWF (KKx)  **Date:**  July 23, 2021

**Title:**  Justino Montiel v. Hitachi America, Ltd, et al.

    Because the Court lacks jurisdiction, nothing in this Order should be taken as a ruling or comment on the merits of the action, or as to whether a demurrer should be sustained or overruled in superior court.

    IT IS SO ORDERED.